HAYES F. MICHEL [SBN 141841]
KRAKOWSKY MICHEL
1925 Century Park East, Suite 2050
Los Angeles, California  90067-2746
Telephone: (310) 556-1956
Facsimile:  (310) 556-4617
Email: hmichel@krakowskymichel.com

Attorneys for Plaintiff TWO MEN AND A
TRUCK INTERNATIONAL, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWO MEN AND A TRUCK INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> TWO GUYS & A TRUCK, DAN UTTERBACK, and PAM UTTERBACK <br><br> Defendants | Case No. <br><br> **COMPLAINT FOR:** <br><br> **(1) TRADEMARK INFRINGEMENT;** <br> **(2) FALSE DESIGNATION OF ORIGIN; and** <br> **(3) CALIFORNIA UNFAIR COMPETITION** <br><br> **REQUEST FOR A JURY TRIAL** |

Plaintiff TWO MEN AND A TRUCK INTERNATIONAL, INC., ("TMAAT") complains and alleges as follows:

## NATURE OF THE CASE

1.     This is an action at law and in equity for trademark infringement and false advertising arising under sections 32 and 43 of the Federal Trademark Act of 1946 ("the Lanham Act"), 15 USC 1114, 1125, and for unfair completion under California Business & Professions Code §§17200, *et seq.*

## THE PARTIES

2.     TMAAT is a Michigan corporation having a principal place of business at 3400 Belle Chase Way, Lansing, Michigan 48911.

3.     Defendant TWO GUYS & A TRUCK is an entity of unknown legal status.  TMAAT is informed and believes, and thereon alleges, that Defendant TWO GUYS & A TRUCK's principal place of business is Huntington Beach, California and that Defendant TWO GUYS & A TRUCK conducts business in Los Angeles County.

4.     Defendants DAN UTTERBACK and PAM UTTERBACK are, TMAAT is informed and believes, and thereon alleges, the owners of Defendant TWO GUYS & A TRUCK and are residents of Orange County, California. TMAAT is informed and believes, and thereon alleges, that there is such a unity of interest and ownership between the TWO GUYS & A TRUCK and DAN UTTERBACK and PAM UTTERBACK that (1) the separate personality of TWO GUYS & A TRUCK does not in reality exist and (2) it would be inequitable and contrary to the interest of justice if the acts in question are treated as those of TWO GUYS & A TRUCK alone.  TMAAT is informed and believes, and thereon alleges, Defendants DAN UTTERBACK and PAM UTTERBACK control all of TWO GUYS & A TRUCK's operations and financially benefit from the acts of infringement complaint of herein.

**VENUE AND JURISDICTION**

5.      This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 USC 1121, and under 28 USC 1331 and 1338.  This Court has jurisdiction over TMAAT's related state law claims under 28 USC 1338 and 1367.

6.      This Court has personal jurisdiction over Defendants because Defendants have taken affirmative acts in this District to infringe upon TMAAT's federally-protected marks as well as engage in unfair and deceptive trade practices and acts which have caused damaged to TMAAT and/or has otherwise established contacts with this District making the exercise of personal jurisdiction proper.

7.      Venue is proper in this District under 28 USC 1391(b)(1) and (2) because Defendants are located in this District and/or a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

**FACTUAL BACKGROUND**

8.      Plaintiff, the largest franchised local moving company in the United States, is a nationwide franchisor engaged in licensing the use of its TWO MEN AND A TRUCK service mark and moving-services operating system.  Through Plaintiff's extensive use and advertising, the TWO MEN AND A TRUCK Mark has become widely known and is famous.

**9**.      Presently, there are over three hundred (300) TWO MEN AND A TRUCK locations in thirty-nine (39) states within the United States licensed by Plaintiff, and there are over fifteen hundred (1,500) moving trucks operating throughout the United States displaying the TWO MEN AND A TRUCK mark. Seven of Plaintiff's locations are in California, including Pleasanton, Chico, Redding, Sacramento, Torrance, and two (2) in San Diego. Ten (10) more marketing areas have already been purchased and are scheduled to open within the next eighteen (18) months.  Each TWO MEN AND A TRUCK franchise is operated pursuant to a franchise agreement under which Plaintiff imposes certain obligations and retains certain rights to help ensure the protection of Plaintiff's

service marks and the uniform quality of services provided by Plaintiff's franchisees in the TWO MEN AND A TRUCK franchise system and under the TWO MEN AND A TRUCK brand name.

10.     Plaintiff, itself or through its franchisees, has used the TWO MEN AND A TRUCK name and service mark, either standing alone or in combination with design elements, in connection with moving-related services since at least as early as 1988.  Plaintiff's use of its TWO MEN AND A TRUCK name and service marks has been valid and continuous since the date of first use and has not been abandoned.

11.     Plaintiff is the owner of multiple United States registrations for its marks as follows:

| EX. | MARK | REG. NO. | REG. DATE | SERVICES |
|-----|------|----------|-----------|----------|
| A | TWO MEN AND A TRUCK & Design | 1,953,964 | 6-Feb-1996 | Moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by customers |
| B | TWO MEN AND A TRUCK | 2,020,083 | 3-Dec-1996 | Moving van services, namely providing movers and truck for local moves |
| C | TWO MEN AND A TRUCK | 3,006,814 | 18-Oct-2005 | Moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by customers |

| | | | | |
|---|---|---|---|---|
| D. | TWO MEN AND A TRUCK & Design | 3,006,815 | 18-Oct-2005 | Moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by customers |
| E. | TWO MEN AND A TRUCK | 4,340,843 | 28-May-2013 | Moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by customers |
| F. | TWO MEN AND A TRUCK & Design | 4,340,844 | 28-May-2013 | Moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by customers |

True and correct copies of the Certificates of Registration are attached as Exhibits A, B, C, D, E, and F. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, for the foregoing registrations corresponding with Exhibits A-D and accordingly, each is incontestable.

12. Plaintiff's marks referenced in Paragraphs 10 and 11, and their common law equivalents, are collectively referred to herein as the "TWO MEN AND A TRUCK Mark."

**B.    Defendants' Unlawful Activities**

13. Defendants operate a moving and packing business in the greater Los Angeles and Orange County area in direct competition with franchisees of

1  TMAAT.

2      14.    Defendants' unlawful competition is not limited to the locations where

3  Defendants operate, as Plaintiff's franchisees provide inter-city moving services;

4  and, on information and belief, Defendants likewise provide inter-city moving

5  services.  Thus, Defendants, at the very least, unfairly compete with Plaintiff's

6  franchisees for moving jobs between Los Angeles and Orange County.

7      15.    Defendants have attempted to trade on Plaintiff's substantial goodwill

8  in the moving industry by holding their business out as "Two Guys & A Truck," a

9  name that is confusingly similar to Plaintiff's TWO MEN AND A TRUCK Mark.

10     16.    By using confusingly similar imitations of the TWO MEN AND A

11 TRUCK Mark in its business operations and in its internet advertising, Defendants

12 are attempting, willfully and in bad faith, to exploit for commercial gain Plaintiff's

13 valuable goodwill and reputation in the moving industry.

14     17.    Defendants are using Plaintiff's mark in connection with its Internet

15 advertising in a manner that creates the false impression of an affiliation with

16 Plaintiff.

17     18.    Defendants' commercial uses of confusingly similar imitations of

18 Plaintiff's TWO MEN AND A TRUCK Mark have been and continue to be without

19 authorization or permission from Plaintiff.

20     19.    Defendants' continued use of the TWO MEN AND A TRUCK Mark,

21 and confusingly similar imitations thereof, in connection with its business

22 operations and in connection with its internet advertising have created and will

23 continue to create a likelihood of consumer confusion as to the source, origin,

24 sponsorship, or affiliation of Defendants' business and services with Plaintiff.  It

25 results in Defendants being unjustly enriched as a result of creating such confusion

26 and (among other harms to Plaintiff) it harms Plaintiff's goodwill by causing

27 Plaintiff not to be able to control how its brand is used and perceived by the public.

28     20.    Plaintiff has given Defendants a fair opportunity to discontinue its

infringing actions.  For example, on February 24, 2015, counsel for TMAAT sent a letter to Defendant via Federal Express informing Defendants of its infringement and a request for further information.  A true and correct copy of that letter is attached hereto as <u>Exhibit G</u>.

## **FIRST CLAIM FOR RELIEF**

**(Infringement of Federally Registered Trademarks under 15 U.S.C. § 1114)**

21.     Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 - 20.

22.     Defendants' unauthorized use of confusingly similar imitations of Plaintiff's TWO MEN AND A TRUCK Mark in connection with Defendants' advertising, promotion, and offering of services in connection with its Internet advertising is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of such services.  The consuming public is likely to believe that Defendants' services are somehow affiliated or associated with Plaintiff, when such is not the case.

23.     By their unauthorized use of confusingly similar imitations of Plaintiff's TWO MEN AND A TRUCK Mark in connection with the advertising, promotion, and offering of services through internet advertising, Defendants have infringed and continue to infringe the registered TWO MEN AND A TRUCK Mark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

24.     Defendants' unauthorized use of confusingly similar imitations of Plaintiff's TWO MEN AND A TRUCK Mark in connection with the advertising, promotion, and offering of their services, as alleged above, has been intentionally done with a view toward, and purpose of, trading on and benefiting from the substantial reputation and goodwill in the United States associated with the TWO MEN AND A TRUCK Mark.

25.     Defendants' acts of trademark infringement, as alleged herein, have injured Plaintiff in that Plaintiff has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendants' illegal conduct.  In addition, Defendants have been unjustly enriched by reason of their trademark infringement in that they have achieved profits, and the opportunity to earn future profits, as a direct and proximate result of their illegal conduct.

26.     Defendants' trademark infringement as alleged herein has caused, is causing, and will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business, reputation, and goodwill, unless Defendants' unlawful conduct is enjoined by this Court.

26.     Plaintiff is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants through their infringing use of confusingly similar imitations of Plaintiff's TWO MEN AND A TRUCK Mark in connection with the advertising, promotion, and offering of their services, and the costs of this action.

27.     Defendants' actions have been willful and deliberate (and at least represent an "exceptional" case under 15 U.S.C § 1117(a)), entitling Plaintiff to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendants.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and False Advertising under 15 U.S.C. § 1125(a)(1)(A)-(B))

28.     Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 - 27.

29.     Defendants' activities constitute false designation of origin under 15 U.S.C. 1125(a)(1)(A).

30.    By their unauthorized and intentional use of the TWO MEN AND A TRUCK Mark in association with their Internet advertising, Defendants have made false statements and misrepresentations of fact regarding their services in connection with the advertising, promotion, and offering of their services in interstate commerce.

31.    Defendants have made and are making misrepresentations concerning the nature, qualities, characteristics, affiliation and origin of its services to create a false impression about the services offered by Defendants and the existence of an affiliation between Defendants' services and Plaintiff.

32.    Defendants' statements and representations are false, misleading, and likely to deceive relevant customers and the public.

33.    Defendants' statements and misrepresentations are material in that they likely will influence the deceived purchasers' purchasing decisions.

34.    Defendants' false statements and misrepresentations constitute false advertising and false designation of origin under 15 U.S.C. § 1125, are causing, and are likely to cause irreparable and inherently unquantifiable injury and harm to Plaintiff and to the public.

35.    Plaintiff has no adequate remedy at law and is entitled to injunctive relief.

36.    Plaintiff is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants through their unlawful use of confusingly similar imitations of the TWO MEN AND A TRUCK Mark, and, in connection with the advertising, promotion, and offering of their services, and the costs of this action.

37.    Defendants' actions have been willful and deliberate (and at least represent an "exceptional" case under 15 U.S.C § 1117(a)), entitling Plaintiff to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendant.

## THIRD CLAIM FOR RELIEF

### (California Unfair Competition)

38.     This claim for relief arises under the California Business & Professions Code §§17200, *et seq.* and 17500 and is alleged against all Defendants.

39.     Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-37.

40.     Defendants' conduct is unfair and deceptive behavior pursued in the course of their businesses in that their actions were likely to deceive present and potential customers of Defendants and of Plaintiff.

41.     Defendants have willfully decided to unfairly compete with Plaintiff by misappropriating Plaintiff's Mark by unlawfully using marks confusingly similar to Plaintiff's Marks in an attempt to trade on Plaintiff's goodwill and confuse consumers as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

42.     Defendants have unlawfully derived income and profits from their activities and will continue to so derive income and profits from their acts of unfair competition, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

43.     Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that a judgment be entered:

1.     Permanently enjoining Defendants and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or

in concert or participation with Defendants, pursuant to the powers granted to this Court by 15 U.S.C. § 1116, from:

    a.  using Plaintiff's TWO MEN AND A TRUCK Mark,  and any confusingly similar imitations thereof (including, without limitation, Two Guys & A Truck and Two Guys And A Truck), in connection with Defendants' business or services, including but not limited to the advertising of those services in internet advertisements;

    b.  using Two Guys & A Truck and Two Guys And A Truck, and any other trademark, service mark, name, logo, domain name, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, of Plaintiff, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendants' business or services are the business or services of Plaintiff, or are sponsored by or in any way related to Plaintiff; and

    c.  falsely representing that they have any affiliation with TMAAT in any Internet advertising or other false representations respecting the nature, qualities, or characteristics of Defendants' services.

2.    Awarding Plaintiff compensatory and enhanced damages, including Plaintiff's damages and Defendants' profits (which may be enhanced up to three times Defendants' profits); an accounting for all profits received by Defendants' unauthorized use of Plaintiff's TWO MEN AND A TRUCK Mark, and confusingly similar imitations thereof; the costs of this action; reasonable attorneys' fees under 15 U.S.C. § 1117; and a trebling of damages and profits as authorized by law

1        3.    Granting Plaintiff such other and further relief as a matter of law or

2   equity as the Court may deem just and proper.

3

4        Dated:  April 20, 2015     KRAKOWSKY MICHEL

5

6

7                                Hayes Michel

8                              Attorneys for Plaintiff
TWO MEN AND A TRUCK

9                              INTERNATIONAL, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR A JURY TRIAL

Plaintiff hereby requests a jury trial.


Dated:  April 20, 2015           KRAKOWSKY MICHEL


                                 Hayes Michel
                                 Attorneys for Plaintiff
                                 TWO MEN AND A TRUCK
                                 INTERNATIONAL, INC.